## Catawissa Railroad Company's Appeal.

1. The 5th section of the Corporation Tax Act of May 1st 1868, requiring the taxes to be deducted from dividends is not repealed by the 4th section of Act of April 24th 1874, but stands as a necessary part of the system intended to be perfected by the Act of 1874.

2. No change is made by the Act of 1874 in the nature of the tax.

3. Commonwealth v. Pittsburg, Fort Wayne and Chicago Railroad Co., 24 P. F. Smith 83; Phoenix Iron Co. v. Commonwealth, 9 Id. 104, referred to.

February 11th 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the District Court of *Philadelphia:* In Equity: Of January Term 1875, No. 65.

This was a bill by Edward Whelen, for himself and others, stockholders of the Catawissa Railroad Co., against the Catawissa Railroad Co. and the Philadelphia and Reading Railroad Co.

The allegations of the bill showed that the charter of the Catawissa Railroad Company, under the Act of March 21st 1860, authorized a capital stock of $3,350,000, of which $2,200,000 were to be preferred stock, and $1,100,000 common stock; the preferred stock to be entitled to a dividend of 7 per cent. per annum; after the payment of such dividend, the common stock to be paid a dividend of the same amount, and afterwards, the surplus of the net earnings to be divided amongst all the stockholders. It was also provided, that the corporation, by a vote of the preferred stockholders, in the manner set out in the act, might increase the amount of the common or preferred stock. On the 5th of October 1872, the Catawissa Railroad Company created 20,000 shares of new preferred stock of the par value of $1,000,000, and leased their road to the Philadelphia and Reading Railroad Company for 999 years.

The 4th section of the Act of April 24th 1874, enacted that every railroad company and other transportation companies, should be subject to, and pay a tax into the treasury of the Commonwealth annually, at the rate of nine-tenths of one mill upon its capital stock for each one per cent. of dividend made or declared by such company, and in case of no dividend being made or declared by such company, upon either its common or preferred stock, then six mills on a true valuation of the capital stock on which no dividend has been made or declared. The Act of April 24th 1874 repealed several of the sections of the Act of May 1st 1868, to revise, amend and consolidate the laws taxing corporations, &c., but did not repeal the 5th section of that act, which provides that the tax imposed on capital stock by that act, should be paid by the treasurer, &c., of the company, and deducted from the dividends. The Philadelphia and Reading Railroad Company, lessees, refused to admit its liability to pay the taxes, under the 4th section of the Act of 1874. By the terms of the lease, the

lessees were to pay the lessors $77,000 semi-annually, in the year 1873; to be increased in the next year to $89,000; in the next year to $101,000, and thereafter $113,000—these sums were semi-annual. The stock issued in October 1872, was entitled to a dividend of 2⅓ per cent., for the year commencing November 1st 1873; for the year commencing November 1st 1874, a dividend of 4⅔ per cent.; and for the year commencing November 1st 1875 and thereafter, 7 per cent.—these stipulations for dividends were printed across the face of the certificates of this stock. The Catawissa Railroad Company intended to pay the tax, under the Act of 1874, out of the rent received from their lessees; then to pay a dividend of 7 per cent., in full, on the original preferred stock, and then to distribute the remaining sum to the holders of the new preferred stock, which would throw the entire tax on the fund for the payment of dividends on the new preferred stock, and would reduce the dividend on that stock from $1.16 per share (2⅓ per cent.) to 44 cents per share. When the lease of the railroad was made, it was arranged between the preferred and common stockholders, that stock, equivalent to the arrears of dividend due the preferred stockholders, should be issued, which was either delivered to the preferred stockholders or sold and the proceeds paid to them. The plaintiff purchased some of this stock; he averred that the promise of payment of dividends, printed on the face of the certificates, gave him a prior right to both the old preferred stockholders and the common stockholders. He prayed that in case of a deficiency of income to pay dividends on all the stock, the new preferred stock should be declared entitled to full payment before any payments were made on the old preferred stock.

He further prayed for "a decree declaring the tax in question is a tax upon the stock of the Catawissa Railroad Company 'in the ratio of the dividend thereon; that it is a tax upon all stock upon which a dividend is declared, and that it is to be assessed upon the stock called preferred stock, in the ratio of the dividend as well as upon the new preferred stock, and that said Catawissa Railroad Company be enjoined against making any payment to the holders of the preferred stock which will impose upon the holders of the new preferred stock any greater portion of said tax than their agreed dividends of two and one third the per cent. bears to the agreed dividend of seven per cent. due to the preferred stockholders.'"

The tax imposed by the 4th section of the Act of May 1st 1868, on corporations, &c., was "one half mill for each one per cent. of dividend," or if no dividends, "then three mills upon a valuation of the capital stock." By the Act of 1874, the 1st, 2d, 3d, 4th, 7th, 8th and 9th sections of the Act of May 1st 1868 were expressly repealed.

The defendants contended that the 5th sect. of the Act of 1868 did

[Catawissa Railroad Co.'s Appeal.]

not refer to the tax imposed by the Act of 1874, that the taxes imposed by the two acts were of an entirely different character, and that the omission to include the 5th sect. of the Act of 1868, amongst those repealed by the Act of 1874, was because the 5th sect. of the Act of 1868 provided the mode of collecting the taxes accrued under that act at the passage of the Act of 1874, those taxes being still collectable. The plaintiffs contended that the 5th sect. of the Act of 1868·was not repealed, and that the taxes were therefore to be deducted from the dividends.

The case was heard in the District Court on bill and affidavits, and the court, Hare, P. J., and Briggs, J., decreed, that "an injunction issue restraining the Catawissa Railroad Company, until further hearing, from paying any dividend on the issue of seven per cent. preferred stock, known as the old preferred stock, without deducting therefrom a tax on all dividends declared on said stock since the 24th of April 1874, at the rate of nine-tenths of a mill upon said preferred stock, for each one per cent. of dividend made or declared since said 24th of April 1874.

The defendants appealed to the Supreme Court and assigned for error :—

1. Granting the preliminary injunction.

2. Deciding that the tax chargeable under the 5th section of the Act of April 24th 1874 was under the 5th section of the Act of May 1st 1868, was to be deducted from the dividends payable on the seven per cent. preferred stock of the Catawissa Railroad Co.

*J. E. Gowen*, for appellants.

*W. H. Drayton*, for appellee.

Judgment was entered in the Supreme Court, February 23, 1875, PER CURIAM.—We are all of opinion that the 5th section of the Act of May 1st 1868 is not repealed by the Act of 24th April 1874, Pamph. L. 70, but stands as a necessary part of the system intended to be perfected by the latter act. In regard to the nature of the tax itself no change has been made. In the Phœnix Iron Co. *v.* The Commonwealth, 9 P. F. Smith 104, the Acts of 1844 and 1859 were considered, and it was shown that the tax imposed by them was on the capital stock measured by the dividends, but not a tax on the dividends. The Act of May 1st 1868 was but a revision of the former laws, and in express terms imposed the taxes on the capital stock. The subject is referred to in the case of Commonwealth *v.* The Pittsburg, Fort Wayne and Chicago Railroad Co., 24 P. F. Smith 83. If this case depended wholly on the Act of 1874 and the 5th section of the Act of 1868, the case would be clear against the defendants. But the question of relative liability for the tax, between the first and second preferred stock-

holders, is in the case, together with the right of the company to adjust this relative liability between the different kinds of stock, in the order of their title to the dividends. That question cannot be determined upon the present state of the case as it appears before us. It is a question to be considered, how far the holders of the first preferred stock may be entitled to be heard in a matter affecting their rights. We are not at liberty to determine these questions now. The injunction must therefore be continued, and the case go on to a final hearing, when all parties can be fully heard on a report of a master, which will settle the facts and present the proper points for decision. In the meantime, it is in the power of the company to pay out the undisputed portion of the dividends, and thus prevent any injustice arising from delay.

Decree of the District Court affirmed, and the costs of the appeal ordered to abide the final result.

Appeal dismissed and record ordered to be remitted.